BOLIN, Judge
(dissenting).
I respectfully but forcefully dissent with the majority in not allowing severance damages to the property upon which was situated the motel and service station. I think the majority committed grievous error in placing too much emphasis upon the highly technical and nebulous method of calculating property damages by the so-called “income approach”.
The fundamental question in expropriation cases is not the choice of an “approach” but the constitutional requirement that “private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid.” (La.Const. Art. 1, § 2). The lower court found defendant’s remaining property had been damaged by the taking and the majority opinion of this court has not found otherwise. The real basis of our opinion seems to rest upon the failure of the landowner to bear the burden of proving how much the property had been damaged. While the evidence may be somewhat speculative, I submit any conclusion as to severance damage based on the “income approach” is speculative. This does not, however, permit the taking or damaging of a person’s property unless “just and adequate compensation has been paid”.
I submit there is ample evidence in the record to show defendant’s property has been damaged. In fact, the photograph alone shows this. All defendant’s experts testified it was. The only question remaining is how much and how the amount is to be calculated. One expert said the property upon which the motel and service station are located was damaged at least 25%. I think the record contains ample *335 evidence to compensate defendant for the damage done to the motel and service station property. If we do not have sufficient evidence the case should be remanded for the proof of the damages by another “approach”; otherwise, defendant has been deprived of his constitutional rights.